**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-63128-KUNTZ**

**JOSEFA ANDRÉS HERNÁNDEZ,**

Petitioner,

v.

**BRUNACHE ARMSTRONG,** *et al.*,

Respondents.
_________________________________________/

**ORDER**

**THIS CAUSE** comes before the Court *sua sponte* on the Petition for Writ of Habeas Corpus [ECF 1], filed by Josefa Andrés Hernández on November 6, 2026. Confused on the pleading standards and governing law, the Petition lacks merit. Therefore, after a careful review of the applicable law and being otherwise fully advised on the premises, the Petition is **DENIED**.

***Background***

The petitioner is a forty-three-year-old Guatemalan national, whose identity is largely unknown. [ECF 1-2 at page 22]. Her Petition does not indicate where or when she was detained "in 2014… [after crossing] through the southern border." [ECF 1 at page 3]. Nor does her Petition indicate on whose authority an "expedited removal order" attached. *Id.* at 1. However, since entering the United States with a Guatemalan child (now, nineteen-years-old), she has had two children: in 2018,

with another Guatemalan national, and in 2025, with an unknown individual, based on records from Florida's Bureau of Vital Statistics. [ECF 1-2 at pages 22-23].

Even so, it is unclear where she has lived with her family for over a decade since unlawfully entering the country, nor is there any allegation that she lacks a criminal history. *See generally* [ECF 1]. Apparently, ICE detained the petitioner in Delray Beach, Florida at an appointment scheduled for November 3, 2026. *Id.* at 2. Ostensibly, the petitioner does not seek this Court's review of "the underlying removal order." *Id.* at 1. Yet, relief is unavailable for the following reasons.

## I. LEGAL STANDARD

Under 28 U.S.C. § 2241(a), a district court may grant a writ of habeas corpus as "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (internal quotation marks omitted). So, any petitioner who demonstrates unlawful detention under the Constitution or federal law may receive immediate release under 28 U.S.C. § 2241(c)(3). However, fundamentally, habeas relief is discretionary. *See Withrow v. Williams*, 507 U.S. 680, 716-19 (1993); *see also Hernandez v. Warden, Krome Serv. Processing Ctr.*, 26-cv-22756, 2026 U.S. Dist. LEXIS 117942, at *8-9 (S.D. Fla. May 28, 2026).

To that end, 28 U.S.C. § 2243 allows courts to deny legally insufficient petitions for habeas corpus without ordering responsive briefing. *See Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" (quoting *McFarland v. Scott*, 512 U.S. 849, 856 (1994))). Still, courts may exercise

jurisdiction over certain challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Nevertheless, for a petitioner facing expedited removal, the "[Immigration and Nationality Act's] limited jurisdiction does not extend to allow this Court to determine whether the Respondent properly invoked § 1225(b)(1)." *Broche v. Ripa*, 25-cv-24708, 2026 U.S. Dist. LEXIS 223625, at *9-10 (S.D. Fla. Sept. 30, 2026).

## II. DENIAL OF RELIEF

As a threshold matter, the Petition is a shotgun pleading due to be dismissed. Rule 8 of the Federal Rules of Civil Procedure governs pleading standards. *See Garcia-Machuat v. Ripa*, 26-cv-21533, 2026 U.S. Dist. LEXIS 49079, at *2 (S.D. Fla. Mar. 9, 2026) ("The Petition is a shotgun pleading"); *see also Chirinos v. Immigr. & Customs Enf't (ICE)*, No. 6:26-cv-00264, 2026 U.S. Dist. LEXIS 25677, 2026 WL 327639, at *8 (M.D. Fla. Feb. 8, 2026) ("[T]he [Habeas] Petition is a shotgun pleading subject to dismissal pursuant to Rule 8[.]"). Hence, "[Petitions] that violate Rule 8(a)(2)… are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Furthermore, a "typical shotgun pleading contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).

In this case, the Petition fails as such. At the start of Count II, the petitioner "realleges the preceding paragraphs." [ECF 1 at pages 6]. Effectively, Count II's Fifth Amendment Procedural Due Process Violation swallows Count I, so Rule 8 dictates dismissal.

Yet, even if well-pled, there is no jurisdiction under 8 U.S.C. § 1252(a)(2)(A)(i) and § 1252(e)(2), restricting judicial review to three narrow questions: (A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed according to § 1225(b)(1), and (C) whether the petitioner can prove lawful permanent resident, refugee, or asylee status. Thus, 8 U.S.C. § 1225(b)(1)(B)(iii)(IV) requires detention, and no entitlement to a bond hearing follows. Moreover, the petitioner as an alien ordered removed per § 1225(b)(1) lacks protected status to halt expedited removal. *See generally* [ECF 1].

Essentially, the Petition's first paragraph admits as much in attempting to recast the relief sought in a way that avoids the jurisdictional bar. *See Chaviano v. Bondi*, No. 25-CIV-22451, 2025 U.S. Dist. LEXIS 118402, 2025 WL 1744349, at *4 (S.D. Fla. June 23, 2025). But there is no reason to stretch the holding of *Hernandez Alvarez* to cover expedited removal. [ECF 1 at page 8]. In fact, "[t]he holdings of a prior decision can reach only as far as the facts and circumstances presented to the Court in the case which produced that decision." *United States v. Aguillard,* 217 F.3d 1319, 1321 (11th Cir. 2000) (citations omitted). Thus, "[t]he Supreme Court has explained that [(b)(2)] 'serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1),' **meaning those not**

**subjected to expedited removal.**" *Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1277 (11th Cir. 2026) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018)) (emphasis added).

Importantly, the petitioner overlooks *Thuraissigiam*. *See generally Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). And *Thuraissigiam* controls, even when the government originally initiated § 240 proceedings and later invoked expedited removal. *See Broche v. Ripa*, 25-cv-24708, 2026 U.S. Dist. LEXIS 223625, at *11 (S.D. Fla. Sept. 30, 2026) (Moreno, J.). Of course, other challenges to deportation proceedings remain cognizable. *See Orozco v. United States INS*, 911 F.2d 539, 541 (11th Cir. 1990). But detained for approximately a week, the alleged breach of *Zadvydas* does not pass muster. [ECF 1 at page 5]. After all, "to state a claim under *Zadvydas*[,] the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

## III. CONCLUSION

Overall, the Petition is poorly pled and mistaken on what the law compels. *See generally Bolano-Ochoa v. Mia. ICE Field Off. Dir.*, 2026 U.S. Dist. LEXIS 133087 (S.D. Fla. June 12, 2026). Accordingly, for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that the Petition [ECF 1] is **DENIED**. Further, the Clerk of Court shall **CLOSE** this case, and any pending motions are **DENIED** as moot.

**DONE** in Chambers in Fort Lauderdale, Florida on November 16, 2026.

JEFFREY T. KUNTZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record